PEOPLE v. GAY.

1. CONSTITUTIONAL LAW—INSURANCE—RIGHT TO DO BUSINESS—UN-
LAWFUL DISCRIMINATION.

The State has the power to prescribe the conditions upon which individuals shall have the right to transact the business of insurance within its borders, so long as it does not violate the provisions of the Federal Constitution by discriminating against the citizens of other States.

2. SAME.

Hence, the general insurance laws of this State containing no such discrimination, Act No. 74, Pub. Acts 1893, prohibiting the solicitation of insurance for any nonresident *person*, etc., without first obtaining the prescribed certificate of authority from the commissioner of insurance, is valid.

Exceptions before judgment from Kalamazoo; Buck, J. Submitted November 21, 1895. Decided December 17, 1895.

Edward C. Gay was convicted of unlawfully soliciting insurance. Affirmed.

*Frank E. Knappen* and *Myron H. Beach,* for appellant.

*Alfred S. Frost,* Prosecuting Attorney (*E. M. Irish,* of counsel), for the people.

MONTGOMERY, J. By act No. 74 of the Session Laws of 1893, it was enacted—

" That it shall be unlawful for any person or persons, as agent, solicitor, surveyor, broker, or in any other capacity, to transact, or to aid in any manner, directly or indirectly, in transacting or soliciting, within this State, any insurance business for any person, persons, firm, or copartnership who are nonresidents of this State, or for any fire or inland navigation insurance company or association not incorporated by the laws of this State, or to act for or in behalf of any person or persons, firm or corporation, as agent or broker, or in any other capacity, to procure or assist to procure a fire or inland marine policy or policies of insurance on property situated in this State, for [from] any nonresident person, persons, firm, or copartnership, or in any company or association without this State, whether incorporated or not, without procuring or receiving from the commissioner of insurance the certificate of authority provided for in section 23 of an act entitled 'An act relative to the organization of fire and marine insurance companies transacting business within this State,' approved April 3, 1869, as amended. Such certificate of authority shall state the name or names of the person, persons, firm, or copartnership, or the location of the company or association, as the case may be, and that the party named in the certificate has complied with the laws of this State regulating fire, marine, and inland navigation insurance, and the name of the duly-appointed attorney in this State on whom process may be served."

By section 5 of the act of which the above is amenda-tory, it is provided:

" In suits brought under this act it shall not be neces-sary to prove the legal incorporation or association of any corporation or association of individuals, the policies of which have been solicited or issued contrary to the provisions of this act. It shall be sufficient to show that a policy of insurance has been solicited or issued, directly or indirectly, by or through the defendant, in a company or association not authorized to do business in this State." 1 How. Stat. § 4358.

Respondent was charged and convicted in the Kala-mazoo circuit court of a violation of this act. He has brought the record here for review on exceptions before sentence.

While the record contains numerous assignments of error, we have not been favored with any brief on behalf of the respondent. We have, however, looked through the record, and discovered no error. The only question meriting discussion is whether the law in question is unconstitutional. It appears from the respondent's requests that it was contended below that the statute contained an unwarranted discrimination against the citizens of other States.

It has been repeatedly held that it is within the power of the State to exclude corporations of other States from doing business in this State, except on such terms as the legislature may see fit to prescribe for the protection of its citizens. *Hartford Fire Ins. Co.* v. *Raymond,* 70 Mich. 485; *Doyle* v. *Insurance Co.,* 94 U. S. 535. This naturally carries with it the right to prohibit individuals within this State from acting for such inhibited corporations. *People* v. *Howard,* 50 Mich. 239; *Paul* v. *Virginia,* 8 Wall. 168. But it appears to have been insisted below that, while it may be competent to prohibit corporations from doing business within this State, the legislature cannot deny the right to individuals. But an answer to this is that there is no discrimination against individuals of

other states under the insurance laws of this State.    See *State* v. *Ackerman,* 51 Ohio St. 163; *State* v. *Stone,* 118 Mo. 388.

Conviction affirmed, and the court is instructed to proceed to sentence.

The other Justices concurred.