SPURR *v.* TRAVIS.

1. CONSTITUTIONAL LAW—EQUAL PROTECTION OF LAW—SALES OF MERCHANDISE IN BULK.

Act No. 223, Pub. Acts 1905, invalidating sales of stocks of goods in bulk, applies to residents and nonresidents alike, and is therefore not repugnant to the Fourteenth Amendment of the Constitution of the United States in that respect.

2. SAME—CLASS LEGISLATION—PROTECTION OF CREDITORS.

The apparent purpose of the act to protect creditors furnishes a sufficient reason for not including within its terms sales by merchants who owe no debts.

3. SAME—RESTRICTION TO MERCHANTS.

The act is not invalidated by reason of being restricted in its operation to merchants.

4. SAME—DUE PROCESS OF LAW—INVASION OF PROPERTY RIGHTS.

Such act is a valid exercise of the police power and is not an unconstitutional invasion of liberty or property rights within section 32, article 6, of the Constitution.[1]

Error to Lapeer; Smith, J. Submitted June 15, 1906. (Docket No. 64.) Decided September 20, 1906.

Garnishment proceedings by Howard W. Spurr and others against Henry Swift and Frank G. Rice, as garnishees of Dayton A. Travis and May Travis. There was judgment for plaintiffs, and the garnishees bring error. Affirmed.

*A. H. Perkins,* for appellants.

*W. E. Brown,* for appellees.

MONTGOMERY, J. This case involves the question of

[1] As to statutory requirements on sale of stock of goods in bulk, see note to *Everett Produce Co.* v. *Smith* (Wash.), 2 L. R. A. (N. S.) 331.

the validity of the "sales in bulk act," so called, being Act No. 223 of the Public Acts of 1905. The circuit judge held the act valid, and defendants have brought the case before us for review on writ of error.

The material portion of the act reads as follows:

"The sale, transfer or assignment, in bulk, of any part or the whole of a stock of merchandise, or merchandise and the fixtures pertaining to the conducting of said business, otherwise than in the ordinary course of trade and in the regular and usual prosecution of the business of the seller, transferor or assignor, shall be void as against the creditors of the seller, transferor, assignor, unless the seller, transferor, assignor and purchaser, transferee and assignee, shall, at least five days before the sale, make a full detailed inventory, showing the quantity and, so far as possible with exercise of reasonable diligence, the cost price to the seller, transferor, and assignor of each article to be included in the sale; and unless the purchaser, transferee and assignee demands and receives from the seller, transferor and assignor a written list of names and addresses of the creditors of the seller, transferor and assignor, with the amount of indebtedness due or owing to each, and certified by the seller, transferor and assignor, under oath, to be a full, accurate and complete list of his creditors, and of his indebtedness; and unless the purchaser, transferee and assignee shall, at least five days before taking possession of such merchandise, or merchandise and fixtures, or paying therefor, notify personally, or by registered mail, every creditor whose name and address are stated in said list, or of which he has knowledge, of the proposed sale and of the price, terms and conditions thereof."

It is the contention of the appellant that this statute violates section 32, article 6, of the Constitution of the State, which provides that no person shall be deprived of life, liberty, or property without due process of law. It is also contended that the act violates section 1 of article 14 of the Amendments to the Federal Constitution, by denying to the vendor and vendee respectively the equal protection of the laws of the State, and by abridging their respective privileges and immunities as citizens of the United States.

There is no invasion of the Fourteenth Amendment by discriminating between citizens of different States. The terms of 'the act are equally applicable to residents and nonresidents, so that this is not class legislation in this sense. *People* v. *Gay*, 107 Mich. 422 (30 L. R. A. 464).

It is contended that the act is class legislation for two reasons: *First*, because it limits its operation to merchants and does not include farmers, manufacturers, etc.; and, *second*, that it does not relate to merchants who owe no debts.

A sufficient reason for not including within its provisions merchants who owe no debts is found in the apparent purpose of the act, which is to protect creditors. If there be no creditor, there is no one requiring protection. It would be a novel application of the doctrine which forbids class legislation to hold that creditors of such merchants as have creditors may not be protected by regulation of transfers by such merchants because the provisions cannot properly be made applicable to others having no creditors.

Nor is it class legislation within the meaning of this term as used to express an unconstitutional exercise of power to limit the application of the act to a particular calling or relation. *People* v. *Bellet*, 99 Mich. 151 (22 L. R. A. 696).

In Cooley on Constitutional Limitations (7th Ed.), p. 554, it is said:

"Laws public in their objects may, unless express constitutional provision forbids, be either general or local in their application. They may embrace many subjects or one, and they may extend to all citizens, or be confined to particular classes, as minors, or married women, bankers or traders, and the like. * * * If the laws be otherwise unobjectionable, all that can be required in these cases is that they be general in their application to the class or locality to which they apply; and they are then public in character and of their propriety and policy the legislature must judge."

See, also, *McDaniels* v. *Shoe Co.*, 30 Wash. 549 (60 L. R. A. 947).

It is easy to discover reasons for apprehending and guarding against fraudulent disposition of stocks of merchandise by debtor owners which would not relate to other species of property. As was said in the case cited above, "it is well known that the business of retailing goods, wares, and merchandise is conducted largely upon credit, and furnishes an opportunity for the commission of frauds upon creditors not usual in other classes of business." The act is not class legislation. See, also, *Ripley* v. *Evans*, 87 Mich. 217, 231; *People's Building & Loan Ass'n* v. *Billing*, 104 Mich. 186.

Does the act conflict with section 32 of article 6 of the Constitution? It may be conceded that an act which should prohibit the sale of property of any character, either generally or for a stated time, without any adequate purpose or object, would constitute such an interference with the property and liberty of the individual as is inhibited by this section. The courts have, however, never treated this or similar provisions as prohibitive of legislation in the exercise of the police power which regulates the manner of the use or disposition of property, even though a temporary inconvenience may be suffered by the owner. An illustration of this is afforded by the laws providing liens in favor of mechanics. Many other illustrations might be given, but it is, we think, safe to state, as a general rule, that where, in the exercise of the police power, a beneficial result is sought, and legislation is enacted in protection of rights which would, but for the enactment, be subject to defeat, such legislation does not infringe the liberty of the citizen in a legal sense or deprive him of property because it involves regulations which may postpone for a reasonable time the exercise of his right to sell. It is to be noted that in case of an owner who owes no debts no delay is required. A sale may be had at once. The owner of merchandise who is also a debtor may at once qualify himself to make a sale by discharging his indebtedness, but, if he does not, this act postpones the sale until notice is given to the creditors.

In our belief this is within the police power, and does not constitute an unconstitutional invasion of liberty or property rights.   Laws similar to the one under consideration have been enacted in 20 States of the Union.   This is significant of a general belief that transfers of the character sought to be regulated afford peculiar opportunities for the perpetration of fraud upon creditors.   While this general course of legislation in sister States is in no sense controlling, it may afford evidence of a concensus of opinion that some legislation is necessary to meet a manifest, if not a growing, evil.

What is more significant is that the courts of other States have dealt with the question here presented, and that the decided weight of authority sustains the validity of such legislation.   The courts of Massachusetts, Connecticut, Tennessee, and Washington have upheld this law.   *McDaniels* v. *Shoe Co.*, supra; *Neas* v. *Borches*, 109 Tenn. 398; *Walp* v. *Mooar*, 76 Conn. 515; *Squire* v. *Tellier*, 185 Mass. 18.   The constitutionality of similar acts was assumed by the supreme court of Wisconsin in *Fisher* v. *Herrmann*, 118 Wis. 424, and in Maryland in *Hart* v. *Roney*, 93 Md. 432.   The court of appeals of New York, by a bare majority, held such a law unconstitutional in *Wright* v. *Hart*, 182 N. Y. 330 (2 L. R. A. [N. S.] 338).   In the case of *Block* v. *Schwartz*, 27 Utah, 387 (65 L. R. A. 308), an act somewhat similar was declared unconstitutional by the supreme court of Utah, but the court cited and distinguished the cases from Massachusetts, Tennessee, and Washington, and seem to rest their decision upon two grounds: (1) That the statute of Utah, unlike the Massachusetts and Washington statutes, failed to exempt from the operation of its provisions persons acting in fiduciary or official capacity under judicial process; and (2) because the Utah statute made it a criminal offense for both the purchaser and seller to act in making a sale and purchase in disobedience or disregard to its provisions.   It will be noted that our statute is not subject to either of these objections.   The supreme court of

Indiana, in *Sellers* v. *Hayes*, 163 Ind. 422, leaves the question undecided. The supreme court of Ohio has held a similar act invalid. *Miller* v. *Crawford*, 70 Ohio St. 207. It will be seen that the weight of authority sustains the validity of this act. As in our opinion the act is on principle within the police power, we find ourselves in accord with the weight of authority.

The judgment is affirmed.

GRANT, BLAIR, OSTRANDER, and MOORE, JJ., concurred.