### JOSE MARIA VIERA, PROSECUTOR, v. JOSE MARQUES, DEFENDANT.

Argued October 8, 1930—Decided October 17, 1930.

Before Justices CAMPBELL and BODINE.

For the prosecutor, *Apostolakis & Mandelbaum.*

For the defendant, *Joseph N. Braff.*

PER CURIAM.

Jose Marques had judgment in the Orange District Court for $450.16 on a promissory note dated August 10th, 1929, made by Francisco P. Salles and Maria G. Salles. Execution was levied and Jose Maria Viera filed a claim of property. The court directed a verdict against the claimant.

In January of 1930, Salles attempted to sell his business to the prosecutor. He went into possession, took over the lease on January 15th, and thereafter conducted the business. The bill of sale, however, was not delivered until April 22d, 1930, after Marques had brought suit on the note, because Viera prior to that time had not had enough money to complete the purchase.

The bill of sale contains no inventory of the goods and vendor's affidavit states that he has no creditors. Marques, the holder of the note, had been a former partner and had taken the note for his interest in the merchandise sold to Salles. Viera admits that as early as February and long before he made settlement for the goods he knew of the note and also knew that it had not been paid.

We concur in the view of the trial court that there was no sale until the delivery of the bill of sale.

The sale of all the stock and merchandise of a retail business is obviously a sale in bulk. The purchaser at such sale, knowing of a merchandise creditor to whom a note had been given, cannot rely upon an affidavit of his vendor which he knows to be false.

The principal argument before us and in the prosecutor's brief is addressed to an attack upon the manner in which the levy was made under the District Court execution. The record shows that the execution was returned May 9th, 1930, and that the inventory of the goods seized was not filed until June 30th, 1930, and never was annexed to the execution as provided by the act. However, the claim of property filed, upon which the trial took place, admits a due and legal seizure of the goods. The claim filed states: "I claim as my own property * * * that which you have seized and taken into your possession by virtue of the writ of execution * * *." Such a claim is an admission of the validity of the seizure, so that it was not open to the District Court to consider the question now urged.

The District Court quite properly, on the evidence adduced, directed a verdict in favor of the defendant, and on the proofs submitted there was no issue for the jury.

The writ will be dismissed, with costs.