In June, 1929, the Public Service Co-ordinated Transport purchased from the Arrow Bus Lines, Incorporated, a fleet of buses which, up to the time of the sale, had been used by the vendor for the transportation of passengers between Paterson and Newark. At the time of the sale VanGenderen, the complainant below and the respondent here, was a creditor of the Arrow Bus Lines, Incorporated, to an amount approximating $1,500. The sale was made without any notice having been given to him. Subsequently learning of this transaction between these corporations, VanGenderen filed the present bill, seeking to have the sale set aside as fraudulent and void as against him; or, in the alternative, that the Public Service Co-ordinated Transport be decreed to pay to him the full amount due and owing to him from the Arrow Bus Lines, Incorporated. He based his right to the relief sought upon the ground that the sale, having been made without notice to him, was in violation of the provisions of the Bulk Sales act, chapter 208 of the laws of 1915. The solicitor for the Public Service Co-ordinated Transport, after service of subpoena upon it, moved to strike out the bill of complaint upon several grounds, the principal one of which was that the statute referred to had no application to the transaction which was the basis of the bill of complaint. Upon hearing, the motion was denied, and thereupon the present appeal was taken.
In our opinion, the scope given to the Bulk Sales act by the court of chancery was not justified by the language of the statute. The legislative declaration is that "the sale in bulk of the whole or a large part of the stock or merchandise and fixtures, or merchandise or fixtures, or goods and chattels, otherwise than in the ordinary course of trade, and in the regular and usual prosecution of the seller's business or occupation, shall be void as against the creditors of the seller," unless notice of the proposed sale be given to them. The words "otherwise than * * * in the regular and usual prosecution of the seller's business" indicate by necessary implication, *Page 219 
as it seems to us, that the goods, chattels and merchandise which are the subject matter of the statute are those which the owner sells in parcels in the regular and usual prosecution of his business. In other words, that the class of vendors embraced in the statutory provision are those whose business is the sale of stock or merchandise to intending customers who resort to the place where such stock or merchandise is kept for sale to such persons. The prohibition of the statute, as we see it, is directed solely at the bulk sale of this stock or merchandise by a person carrying on such business, and includes the sale of the fixtures used by such person in the carrying on of that business.
For the reason indicated, we conclude that the refusal to strike out the bill upon the ground that the Bulk Sales act had no application was without legal justification. This being so, we find it unnecessary to consider the other grounds upon which the order appealed from is attacked.
The order under review will be reversed.
For affirmance — None.
For reversal — THE CHIEF-JUSTICE, TRENCHARD, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.