Gaspee Cab Inc. *vs.* Francis L. McGovern *et al.*

MARCH 20, 1931.

Present: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

Rathbun, J. This action of replevin was commenced to recover possession of fourteen taxicabs held by a sheriff by virtue of a writ of attachment. At the trial of the case in the Superior Court by a justice sitting without a jury a decision was rendered for the plaintiff for possession and damages assessed at ten cents. The case is here on the defendants' exception to said decision.

The taxicabs were attached by defendant McGovern as the property of the Roxy Cab Inc., which had previously sold and delivered them to this plaintiff.

The defendants contend that the sale was invalid as to vendor's creditors; first, because no notice of the intended purchase was given to said creditors as provided in the Sales in Bulk Act; second, because the sale was made in fraud of

creditors.  See Sec. 1, Chap. 311 and Sec. 1, Chap. 297, G. L., 1923.

Not a word of testimony was submitted tending to show that the sale was made for the purpose of defrauding creditors, and the trial justice found that there was no fraudulent intent on the part of either vendor or vendee to hinder or delay creditors.  We find nothing in the record tending to show that the sale was not for a fair price and in absolute good faith.  It does not appear that the vendor was insolvent at the time of the sale, but even if the vendor was insolvent, and the vendee was aware of such fact, the vendee, acting in good faith, was at liberty to purchase and, in doing so, owed no duty to see that the purchase price was applied to the payment of the vendor's creditors.  2 Moore, Fraudulent Conveyances, p. 611; *Elliott* v. *Benedict*, 13 R. I. 463; *Perkins* v. *Hutchinson*, 17 R. I. 450; *Colt* v. *Sears Commercial Co.*, 20 R. I. 323; *Taylor* v. *Cooper*, 43 A. 536.

Was the sale invalid by reason of noncompliance with the provision of the Sales in Bulk Act, Chap. 311, G. L. 1923? Section 1 of said chapter provides that: "The transfer of the major part in value of the whole of a stock of merchandise and fixtures, or merchandise or fixtures, otherwise than in the ordinary course of trade and in the regular and usual prosecution of the transferrer's business" shall be void unless certain prescribed steps are taken for the purpose of giving notice to the transferrer's creditors.

The question is whether, within the meaning of said act, said taxicabs were either "a stock of merchandise" or "fixtures."

Said act being in derogation of the common law should be strictly construed.  In *Aristo Hosiery Co.* v. *Ramsbottom*, 46 R. I. 505 at 507, we said: "In view of the stringent nature of the act, it is reasonable to infer that the legislature did not intend to extend its operation to any transaction which is not clearly and fairly included in the terms of the act."  In the same case, at page 507, it was stated that the evil sought to be cured by said act "was the prac-

tice of merchants who are heavily in debt of making secret sales of their merchandise in bulk for the purpose of defrauding their creditors."

The "term 'fixture' necessarily implies something having a possible existence apart from realty, but which may, by annexation, be assimilated into realty." *Kent Storage Co.* v. *Grand Rapids Lumber Co.*, 239 Mich. 161, 164. In *Bowen* v. *Quigley*, 165 Mich. 337 at 339, the court said: "Inasmuch as this law is aimed at the business of merchants, we think the word 'fixtures', as used in the statute, must have reference to such chattels as merchants usually possess and annex to the premises occupied by them, to enable them the better to store, handle, and display their goods and wares."

The vendor was not a merchant and sold no merchandise. The business conducted was that of transporting passengers for hire. The word merchandise signifies goods which are kept in stock for sale and, on being sold, are replaced by other goods. *Root Refineries* v. *Gay Oil Co.*, 171 Ark. 129.

In *Van Genderen* v. *Arrow Bus Lines*, 151 A. 605, it was held that the New Jersey Sales in Bulk Act, which contains the words "goods and chattels" in addition to the words "merchandise and fixtures", was not applicable to the sale of a fleet of busses used by the vendor for the transportation of passengers. It has been held that the ordinary sales in bulk act did not apply to a sale of a livery stable and its equipment, because the horses and carriages were kept for the purpose of hire and not for sale. *Everett Produce Co.* v. *Smith Bros*, 40 Wash. 566; *Balter & Miller* v. *Crum*, 199 Mo. App. 380. See also *People's Savings Bank* v. *Van Allsburg*, 165 Mich. 524; *Bowen* v. *Quigley*, 165 Mich. 337; *Atlas Rock Co.* v. *Miami Beach Builders Supply Co.*, 89 Fla. 340.

The defendant relies upon *Athon* v. *McAllister*, 205 Ill. App. 41. The Illinois statute contains not only the words "merchandise and fixtures" but also the phrase "other goods and chattels of the vendor's business." In view of the history of this class of legislation and the interpretation almost

uniformly given to language of statutes similar to said chapter 311, we would not be warranted in reading into our statute, as the defendants suggest, the words "goods and chattels." Even if the words "goods and chattels" were included in our Act, with nothing more to express legislative intent, there would still be doubt that the General Assembly intended the Act to apply to persons not engaged in the sale of goods. *Van Genderen* v. *Arrow Bus Lines*, *supra*.

Our conclusion is that said chapter 311 was not intended to apply to such a sale as the one in question; that the plaintiff owed no duty to the defendants to comply with the provisions of said chapter and that the sale of the taxicabs to the plaintiff was not made in fraud of creditors.

The defendants' exception is overruled and the case is remitted to the Superior Court for the entry of judgment on the decision.

*Elmer E. Tufts, Jr., William C. Waring, Jr., Edwards & Angell,* for plaintiff.

*Calvert E. Casey, Peter W. McKiernan, John C. Going,* for defendant.