## Broad Street National Bank, Appellant, v. Lit Bros.

Argued November 27, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*G. Ruhland Rebmann, Jr.,* of *Edmonds, Obermayer &
Rebmann,* for appellants.—The Bulk Sales Act of 1919,
applies to manufacturers: Wilson v. Edwards, 32 Pa.
Superior Ct. 295; Northrop v. Finn C. Co., 260 Pa. 15.

By the weight of authority in other jurisdictions Bulk
Sales Acts similar to that in Pennsylvania have been
construed to apply to the sale of a stock of goods in bulk
when made by the manufacturer thereof.

The case of Gitt v. Hoke, 301 Pa. 31, involved a sale
which the Bulk Sales Act does not seek to cover, and
which was altogether different from the sale in this case.

*F. B. Bracken,* with him *John Russell, Jr.,* for appel-
lee.—The Bulk Sales Act does not apply to manufac-
turers: Gitt v. Hoke, 301 Pa. 31; Wilson v. Edwards,
32 Pa. Superior Ct. 295; West Shoe Co. v. Lemish, 279
Pa. 414; Bechman v. Creamery Co., 30 Dauphin Co.
Rep. 371.

The terms of the Act of 1919 are consistent only with
applicability to merchants.

Opinion by Mr. Justice Walling, January 5, 1932:

In August, 1924, the Barke-Gibbon Company, Inc.,
engaged in the manufacture and sale of shoes in Phila-
delphia, was adjudged bankrupt. During the previous
May it had, as one transaction, sold and delivered to Lit
Brothers, for a fair price and in good faith, all the shoes

it had in stock. This was done without compliance with the Bulk Sales Act of May 23, 1919, P. L. 262, and a creditor of the bankrupt corporation brought this suit in equity against Lit Brothers. In view of our decision in Gitt v. Hoke et al., 301 Pa. 31, the lower court held that the Bulk Sales Act did not apply to the sale by a manufacturer of his own product.

These appeals by the creditor and trustee in bankruptcy challenge that conclusion. The case above cited is in line with the practically unanimous view, so far as expressed, of the courts of common pleas of this Commonwealth, and of this court in Northrup v. Finn Construction Co., 260 Pa. 15, and of the Superior Court in Wilson v. Edwards, 32 Pa. Superior Ct. 295, so far as the two cases last cited throw any light upon the subject. Notwithstanding appellants' assertion to the contrary, the weight of authority elsewhere seems to support the same view. Among the cases apparently so holding are Cooney, Eckstein & Co. v. Sweat, 66 S. E. (Ga.) 257; Ramley-Milburn Co. v. Sevick et al., 252 S. W. (Ark.) 20; Nichols North Buse Co. v. Green Co. Canneries, 205 N. W. (Wis.) 804; Spurr v. Travis, 145 Mich. 721, 108 N. W. 1090; Balter v. Crum, 199 Mo. 380, 203 S. W. 506; Everett Produce Co. v. Smith Bros., 40 Wash. 566, 82 Pac. 905. It was so held in Illinois under the original Bulk Sales Act: Off & Company v. Moorhead, 235 Ill. 40, 85 N. E. 264. The Bulk Sales Act in that state was amended, however, so as to include not only merchandise "but other goods and chattels of the vendor's business in bulk." Thereunder, it is held in Johnson Co. v. Beloosky, 263 Ill. 363, 105 N. E. 287, to include the products of a manufacturer. Hart v. Brierley, 189 Mass. 598, sustains appellants' contention, as does Kranke v. American Fabrics Co., 112 Conn. 58, 151 Atl. 312, in construing the New Jersey statute. But it cannot be affirmed that such is the majority view in other jurisdictions. Williston on Sales, 2d edition, volume 2, section 643, page 1616, says that as a general

rule Bulk Sales Acts do not apply to manufacturers or persons not ordinarily engaged in trade. There seems to be a tendency of late to broaden such statutes and to give them a more liberal interpretation, and if it is desirable for the bulk sale statute of our State to embrace the products of a manufacturer, the remedy is with the legislature. Until it acts, we see no reason to change the views expressed in Gitt v. Hoke et al., supra.

The decree is affirmed.

This opinion was written by Justice WALLING; it is now adopted by and filed as the opinion of the court.

PER CURIAM,

BY ROBERT S. FRAZER, C. J.