HERMAN J. SAMUELSON, TRADING AS UNITED FEED COMPANY, PLAINTIFF-RESPONDENT, v. BENNETTE GOLDBERG, DEFENDANT; MORRIS ROSENBERG, CLAIMANT-PROSECUTOR.

Decided February 20, 1935.

Before Justice PERSKIE, in chambers, pursuant to statute.

For the respondent, *Albert Kuchinsky.*

For the prosecutor, *David A. Veeder.*

PERSKIE, J. Bennette Goldberg, a poultry farmer, on February 20th, 1934, sold and delivered to Morris Rosenberg a cow and calf. Shortly thereafter, Goldberg sold and delivered to Rosenberg all his chickens and eight brooder houses. No effort was made to comply with the Bulk Sales act. Herman J. Samuelson, trading as United Feed Company, by virtue of a judgment, obtained against Goldberg on March 9th, 1934, levied on the cow, calf and brooder houses then in Rosenberg's possession. On the trial of a claim of property by prosecutor the trial judge directed the jury to return a verdict in favor of the respondent on the sole ground that the sales came within the provisions of our Bulk Sales act. The writ of *certiorari* seeks to review the propriety of that ruling.

The only question, therefore, involved is whether the Bulk Sales act applies to the sales herein mentioned.

Perhaps it would not be out of place to restate the history of the legislation. It appears to be as follows: *Pamph. L. 1907, ch. 237, p. 570;* amended by *Pamph. L. 1914, ch. 37, p. 59; Pamph. L. 1915 ch. 208, p. 377.* The acts of 1907 and 1914 were specifically repealed by *Pamph. L. 1930, ch. 37, pp. 148, 149.* The act of 1915 was amended by *Pamph. L. 1930, ch. 206, p. 966,* and *Pamph. L. 1932, ch. 225, p. 501.* The last stated amendment is as follows:

"1. Section one of the act to which this act is amendatory be and the same is hereby amended to read as follows:

"1. The sale in bulk of the whole or a large part of the stock or merchandise and fixtures or merchandise or fixtures, or goods and chattels, otherwise than in the ordinary course of trade, and in the regular and usual prosecution of the seller's business or occupation, shall be voidable as against the creditors of the seller, unless the purchaser shall, in good faith and for the purpose of giving the notice herein required make inquiry of the seller * * *."

Counsel for prosecutor points out, and correctly so, that this wording is identical with the original act passed in 1915, except that the word "voidable" has been substituted for the word "void." The amendment of said section 1, chapter 206, (*Pamph L. 1930, p. 966*), in so far as the above quoted portion is concerned, is identical with the act of 1915. The purpose of the 1930 amendment was to further require the purchaser to search for personal taxes. That requirement has no bearing on the present controversy. The purpose of the 1932 amendment was (1) to change the word "void" to "voidable;" (2) to require the seller to furnish a list in writing "verified under oath by the seller to be a true and complete list;" and (3) to require all taxes that may be due on the goods about to be sold to be paid prior to the transfer of title.

An examination of the authorities leads to the conclusion that the sales in question are not subject to the terms of the statute.

In *Van Genderen* v. *Arrow Bus Lines, Inc.,* 107 *N. J. Eq.* 217; 151 *Atl. Rep.* 605, the Court of Errors and Appeals, by Chief Justice Gummere, in deciding that the sale of a fleet

of buses by a bus company did not come within the terms of the Bulk Sales act, said: "* * * that the class of vendors embraced in the statutory provisions are those whose business is the sale of stock or merchandise to intending customers who consort to the place where such stock or merchandise is kept for sale to such persons. The prohibition of the statute, as we see it, is directed solely at the bulk sale of this stock or merchandise by a person carrying on such business, and includes the sale of the fixtures used by such person in the carrying on of that business."

The Supreme Court, in *Viera* v. *Marques,* 8 *N. J. Mis. R.* 796; 151 *Atl. Rep.* 597; *affirmed,* 108 *N. J. L.* 420, refers to the sale of the stock and merchandise of a *retail business.*

In *Gitt* v. *Hoke,* 301 *Pa.* 31; 151 *Atl. Rep.* 585, the Pennsylvania Supreme Court, in construing a statute substantially similar to the New Jersey statute, determined that "the words 'goods, wares and merchandise' include commodities handled by merchants or dealers in the course of trade; not the unsold products of a manufacturer *or a farmer's produce,"* and the fixtures intended are evidently those which belong to the business; like trade fixtures, and not to the building.

The same court, in *Northrop* v. *P. W. Finn Const. Co.,* 103 *Atl. Rep.* 544, held that the Pennsylvania Bulk Sales act was not applicable "as the property * * * consisted of horses, carts, hoisting machines, &c., such as constitute a builder's equipment, were neither merchandise or fixtures within the meaning of the act." See, also, *Broad Street National Bank of Philadelphia* v. *Lit Brothers,* 306 *Pa.* 85; 158 *Atl. Rep.* 866, which held that the Bulk Sales act does not apply to the sale by a manufacturer of his own product, and that the weight of authority in other jurisdictions seem to be in accord. (Compare, however, a contrary construction of our statute by the Supreme Court of Errors of Connecticut, in *Kranke* v. *American Fabrics Co.,* 151 *Id.* 312— machinery used in the manufacture of goods at wholesale). This case, however, was decided prior to the Court of Errors and Appeals case of *Van Genderen* v. *Arrow Bus Lines, Inc., supra.* See, also, 2 *Williston on Sales* (*2d ed.*) 1616, § 643,

to the effect that as a general rule the Bulk Sales acts do not apply to manufacturers or persons not ordinarily engaged in trade.

In *Gaspee Cab, Inc.,* v. *McGovern,* 153 *Atl. Rep.* 870, the Supreme Court of Rhode Island followed our decision in *Van Genderen* v. *Arrow Bus Lines, Inc., supra,* and held that the sale of taxicabs did not come within the meaning of the Rhode Island Bulk Sales act.

In *Schwartz* v. *King Realty, &c., Co.,* 93 *N. J. L.* 111; 107 *Atl. Rep.* 154, this court declared that "because the act is drastic in its provisions, and restrictive of the free alienation of property, it should be strictly construed and not be extended to a transaction, which does not come clearly within its terms."

Bearing in mind that the act is in derogation of the common law right to purchase and sell property and that it is highly penal, it must be strictly construed and cannot, and should not, be extended beyond its plain language. *Schwartz* v. *King Realty, &c., Co., supra; Gitt* v. *Hoke, supra.*

Thus, in the language of our Court of Errors and Appeals in *Van Genderen* v. *Arrow Bus Lines, Inc., supra,* a poultry farmer, as here, is not an owner or one who sells in parcels in the regular and usual prosecution of his business. His business is not the sale of stock or merchandise to intending customers who resort, as is the case with the usual tradesman, to the place where such stock or merchandise is kept for sale to such prospective purchaser or customers. The act is clearly intended to be confined and limited to the merchant or tradesman and not to the farmer.

The judgment of the court below is reversed, with costs.