TRANSAMERICA INSURANCE CORPORATION OF AMERICA v
AMERICAN REPUBLIC INSURANCE COMPANY

Docket No. 80996. Submitted October 1, 1985, at Grand Rapids.—
Decided December 20, 1985.

Christie Smith, the minor child of Michael J. Smith, was injured
when her automobile left the road and struck a tree. At the
time of the accident, Christie was insured under three separate
insurance policies. The first policy, issued by plaintiff, Trans-
america Insurance Corporation of America, was an insured
owner no-fault automobile policy. The second policy was a
major-medical expense policy issued to Michael Smith by defen-
dant, American Republic Insurance Company, which covered
Christie as an insured child. Finally, Christie was covered as an
insured child under a surgery and in-hospital expense policy
issued by defendant to Michael Smith. As a result of the
accident, Christie incurred medical expenses of $55,780.35. Of
this sum, defendant paid $970.20 under its surgery and in-
hospital expense policy and plaintiff, as no-fault carrier, paid
$9,638.78 of expenses not covered under either of defendant's
policies. These payments are not disputed on appeal. The
remaining $45,171.35 of expenses were allowable expenses un-
der both plaintiff's no-fault policy and defendant's major-medi-
cal policy. Each company paid one-half of that amount to
Christie Smith. Plaintiff filed an action in the Kent Circuit
Court against defendant seeking to recover the $22,585.67 it
had paid, claiming that the coordination-of-benefits endorse-
ment in its no-fault policy took precedence over the coordina-

REFERENCES

Am Jur 2d, Automobile Insurance §§ 340 et seq.

Am Jur 2d, Insurance § 1788.

Apportionment of payments of no-fault (personal injury protection)
benefits between insurers providing coverage to same insured
under policies covering different vehicles. 34 ALR4th 374.

Compensability, under automobile no-fault or personal protection
insurance, of physical care services afforded injured insured by
spouse or other person in close relationship. 28 ALR4th 700.

Validity and construction of no-fault insurance plans providing for
reduction of benefits otherwise payable by amounts receivable
from independent collateral sources. 10 ALR4th 996.

tion-of-benefits/deductible provision in defendant's major-medical policy, making the defendant solely liable for payment of Christie's expenses. The trial court, Stuart Hoffius, J., concluded that, as between the no-fault carrier and the health insurance carrier, the latter must be deemed to be second and the former third in line of priority and accordingly entered a judgment finding defendant liable for payment of Christie's medical expenses. Defendant appealed. *Held:*

   As between a health insurer and a no-fault insurer, the former is primarily liable and the latter secondarily liable for medical expenses incurred as a result of an automobile accident where the no-fault policy contains a coordination-of-benefits clause.

   Affirmed.

INSURANCE — NO-FAULT INSURANCE — HEALTH INSURANCE — PRIORITY.

   As between a health insurer and a no-fault insurer, the former is primarily liable and the latter secondarily liable for medical expenses incurred as a result of an automobile accident where the no-fault policy contains a coordination-of-benefits clause.

*Dilley, Dewey & Waddell* (by *Jonathan S. Damon*), for plaintiff.

*Wheeler, Upham, Bryant & Uhl* (by *Jack L. Hoffman*), for defendant.

Before: DANHOF, C.J., and MACKENZIE and J. L. BANKS,* JJ.

PER CURIAM. Defendant appeals as of right from a declaratory judgment holding it second in priority for payment of medical expenses incurred by Christie L. Smith as the result of an automobile accident. We affirm.

On February 12, 1983, Christie Smith, the then-minor child of Michael J. Smith, was injured when her automobile left the road and struck a tree. At the time of the accident, Christie was insured under three separate insurance policies. The first

* Circuit judge, sitting on the Court of Appeals by assignment.

policy, issued by plaintiff, was an insured owner no-fault automobile policy. The second policy was a major-medical expense policy, issued by defendant to Michael Smith, which covered Christie as an insured child. Finally, Christie was covered as an insured child under a surgery and in-hospital expense policy issued by defendant to Michael Smith.

As a result of the accident, Christie incurred medical expenses of $55,780.35. Of this sum, defendant paid $970.20 under its surgery and in-hospital expense policy and plaintiff, as no-fault carrier, paid $9,638.78 of expenses not covered under either of defendant's polices. These payments are not disputed on appeal.

Since the remaining $45,171.35 of expenses were allowable expenses under both plaintiff's no-fault policy and defendant's major-medical policy, each company paid one-half of that amount to Christie Smith. Plaintiff subsequently filed suit against defendant seeking to recover the $22,585.67 it had paid, claiming that the coordination-of-benefits endorsement in its no-fault policy took precedence over the coordination-of-benefits/deductible provision in defendant's major-medical expense policy, making defendant solely liable for payment of Christie's expenses.

It is undisputed that the first policy in order of priority of payment of expenses was defendant's surgery and in-hospital expense policy. The trial court concluded that, as between a no-fault carrier and a health insurance carrier, the latter must be deemed to be second in line of priority and accordingly found defendant liable for payment of Christie's medical expenses. Defendant contends that this was error. According to defendant, prior case law, the Legislature's intent in enacting the no-fault act, and Administrative Order 74.2 of the

insurance commissioner establish that plaintiff, as no-fault carrier, was second in priority.

Like the trial court, we conclude that defendant, as a medical insurance carrier, is second in line of priority in the instant case and plaintiff, as the no-fault carrier, is third in priority. In so deciding, we decline defendant's invitation to defer to the reasoning of the insurance commissioner's administrative order or extend prior case law. Instead, we find the recent decision of this Court, *Auto Club Ins Ass'n v Frederick & Herrud, Inc,* 145 Mich App 722; 377 NW2d 902 (1985), dispositive of this case. In *Auto Club,* this Court stated:

"Section 3109a of the no-fault act, MCL 500.3109(a); MSA 24.13109(1), requires insurers providing personal protection insurance to offer coordination-of-benefits options to their insureds, at correspondingly reduced rates, which 'coordinate' recovery under multiple policies and seek to obviate the potential for double recovery, thereby serving to reduce insurance costs." 145 Mich 725.

"[The conclusion is inescapable that] § 3109a was intended [by the Legislature] to offer an option to no-fault consumers to allow them to make their no-fault coverage *secondary."* 145 Mich App 731. (Emphasis in original.)

"As further support for this conclusion, we look to the general purpose of § 3109a. It has been stated that § 3109a was designed to 'contain or reduce insurance costs', *LeBlanc [v State Farm Mutual Automobile Ins Co,* 410 Mich 173, 197; 301 NW2d 775 (1981)] and 'was * * * concerned with the rising cost of health care'. *Dean [v Auto Club Ins Ass'n,* 139 Mich App 266, 273; 362 NW2d 247 (1984)]. These two objectives are best fulfilled where health and accident insurance is primary, since, as noted in the analysis, 'these policies, like Blue Cross/Blue Shield plans, have established limits on their reimbursement of doctor and hospital expenses'. By contrast, expenses paid by no-fault insurance are subject to no such limits. To effectuate the

intent of the Legislature in containing insurance costs in general, the health care costs in particular, health and accident insurance must be deemed primary." 145 Mich App 731-732.

In accord with the above reasoning, we find that the trial court correctly decided that defendant, as health insurance carrier, is second in the line of priority for payment of Smith's medical expenses.

Because of our disposition of the previous issue, we need not consider plaintiff's alternative argument that defendant's excess liability clause is ambiguous and thus not controlling. In any event, we agree with the *Auto Club* panel that "[i]n an area such as no-fault insurance and, for that matter, health insurance as well, where the regulatory scheme established by the Legislature is of such a pervasive nature, * * * the clarity of policy language should not govern apportionment of liability". 145 Mich App 733-734.

Affirmed.