## Cox *v.* Philadelphia Pottery Company, Appellant.

*Corporations—Assignment of property and business to corporation—Agreement to pay debts—Evidence.*

Where a person indebted assigns all of his property and business to a corporation in consideration of the latter paying his debt, a creditor of the assignor may maintain an action against the corporation, and may prove the assumption of the debt by the corporation by showing that the corporation paid other debts of the assignor, had entered in its books his own debt as a liability against the company, and had made payments on account of it.

Argued Jan. 5, 1906. Appeal, No. 93, Jan. T., 1905, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1904, No. 1,635, on verdict for plaintiff in case of William Cox v. Philadelphia City Pottery Company. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit on a book account.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff for $2,439.55. Defendant appealed.

*Errors assigned* were various rulings on evidence referred to in the opinion of the Supreme Court, and refusal of binding instructions for defendant.

*A. S. L. Shields*, for appellant.—The plaintiff failed to prove the assumption by the defendant of the debt of Jeffords, Sr., to the plaintiff: Tift v. Quaker City Nat. Bank, 141 Pa. 550.

Even if the court should be of opinion that the defendant, in consideration of John E. Jeffords, Sr., transferring to it his pottery plant, did agree with him to assume his debts, the plaintiff is not a party to that contract, no consideration moved from him to the defendant, the assets of John E. Jeffords, Sr., were not transferred to the defendant corporation in trust for him, and he cannot legally recover in an action directly against the defendant: Kountz v. Holthouse, 85 Pa. 235 ; Stone v. Justice, 9 Phila. 22.

Directors are but the agents of the company, and have power to act only for the interest of the company, and not against it: Simons v. Vulcan Oil & Mining Co., 61 Pa. 202.

It is well settled that in order to prove the existence or nonexistence of a certain fact, or that a certain act was done by a particular person or in a particular manner, evidence of the existence or nonexistence of a similar but distinct and disconnected fact, or that a similar act was done by such person, or in such manner, is inadmissible: Share v. Anderson, 7 S. & R. 43 ; Waugh v. Shunk, 20 Pa. 130 ; Ankeny v. Albright, 20 Pa. 157 ; Burkholder v. Beetem, 65 Pa. 496; Oram v. Rothermel, 98 Pa. 300 ; Phillips v. Allegheny Valley R. R. Co., 107 Pa. 472; Miller v. McAlister, 178 Pa. 140 ; Hayes v. Treat, 178 Pa. 310 ; Morris v. Guffey, 188 Pa. 534 ; Burger v. Ins. Co., 71 Pa. 422.

*Leoni Melick*, of *Melick, Potter & Dechert*, for appellee, cited : Delp v. Brewing Co., 123 Pa. 42.

OPINION BY MR. JUSTICE STEWART, March 12, 1906 :

The plaintiff in the action below was a creditor of John E. Jeffords, who was conducting a pottery business in the city of Philadelphia under the name of John E. Jeffords & Company. It was his contention that the indebtedness due him was con-

tracted by Jeffords & Company in connection with and for the purposes of this particular business. In 1901, the appellant, the Philadelphia Pottery Company, an incorporated concern, succeeded to the business of John E. Jeffords & Company, taking over all its property. Plaintiff in his statement claimed that in consideration for the transfer of the business and property of John E. Jeffords & Company to the new corporation formed, the latter agreed to assume the debts which John E. Jeffords had contracted in and about the business of John E. Jeffords and Company. If we assume the facts to be as here set out, the right of the plaintiff to maintain his action for the amount due him against appellant must be conceded. The fact that he was not a party to the contract would not be material. The law would hold just as in Delp v. Brewing Co., 123 Pa. 42, that the property transferred was held by the new concern for the benefit of the creditors of the old, since it was put in its hands for this express purpose.

It has always been held, says the court in the case referred to, that under such a state of facts the creditor has a right of action to compel payment in accordance with the terms of the agreement. The facts were controverted on the trial of the case, but the jury having found that such was the agreement in taking over the property of John E. Jeffords & Company, the rule as stated fits the case ; and there was no error in the court refusing the instruction asked in defendant's third point, which refusal is the subject of the fourth assignment of error. The remaining assignments relate to the admission of testimony and the sufficiency of the evidence. It was essential to a recovery by the plaintiff that the evidence should satisfy the jury, first, that the consideration for the transfer of the property of John E. Jeffords & Company to the appellant, was the assumption by the latter of the debts of the former ; and, second, that plaintiff's claim was the proper debt of John E. Jeffords & Company. Direct evidence in support of the latter fact is to be found in the testimony of plaintiff himself, and it prevailed with the jury. The evidence relied on to establish the former, was indirect and in a large degree circumstantial. No express assumption was shown by agreement, resolution or otherwise ; the effort was to establish it by a course of dealing pursued by the new company with respect to the other indebtedness of

John E. Jeffords & Company. The books of the company were offered to show the payment of other indebtedness of the old firm. It was further in evidence that plaintiff's claim appeared upon the books of the corporation as an item of liability; that it appeared regularly in the monthly balance sheets of the company for more than two years, and that different payments thereon had been made by the corporation. For the purpose indicated, all this evidence was competent on the part of the plaintiff; much of it was denied, and explanations were introduced with respect to some of it, which if accepted would destroy its significance; but this circumstance could not affect the admissibility of the evidence; this depended on its purpose and relevancy. The purpose, as defined in the offer, was to show the assumption generally of debts relating to the old business by the Philadelphia City Pottery Company. What weight was to be allowed the fact, if proved, was not for the court below to say, nor is it for us. It was a sufficient basis for an inference that there was a general assumption by the appellant of the indebtedness of the earlier concern, as the consideration, or at least part of the consideration, for the transfer to it of the former's property; and being so, the court could not have done otherwise than submit the question to the jury. This was done in a fair and impartial charge. The reference by the learned trial judge, to the question of ratification by the new company of the act of the treasurer, in directing the transfer of the account of the plaintiff, as testified to by the bookkeeper, from the books of John E. Jeffords & Company to the ledger of the appellant was unnecessary; since the question of ratification was not involved in the case. Plaintiff's demand rested on the original assumption by the company, and not on any subsequent acknowledgment or ratification. The only question in the case was—what was the original contract of the appellant, if any, with respect to the indebtedness of the prior concern? No liability could arise from anything shown by way of acknowledgment or ratification of the acts done by anyone in connection with the transaction. These might become, and in this case perhaps were, so far as they disclosed a course of dealing, controlling circumstances in establishing to the satisfaction of the jury the original agreement out of which defendant's liability arose. The reference to the matter of

ratification, while unnecessary, could not have prejudiced appellant: since the jury were very clearly given to understand that the question and only question they had to decide was, whether the appellant had assumed the debt of John E. Jeffords & Company to the plaintiff. The several assignments of error are overruled, and the judgment is affirmed.