## Mervine v. Indian Queen Hotel Corporation et al.

*R. L. Mervine*, for plaintiff.

*Harold C. Edwards* (of *Eilenberger & Huffman*), for defendants.

SEARLE, P. J., 22nd judicial district, specially presiding, Feb. 16, 1928.— This action is one in equity, the bill alleging:

1. The defendant, the Indian Queen Hotel Corporation, is a corporation organized and existing under the laws of the State of Pennsylvania.

2. On or about Jan. 15, 1927, and for a long time prior thereto, H. H. Harris, the other defendant, owned, operated, maintained and conducted a hotel business, known as the Indian Queen Hotel, on Main Street, in the Borough of Stroudsburg, County of Monroe and State of Pennsylvania.

3. The defendant, H. H. Harris, was the owner of, and used in the conduct of said hotel business, certain valuable goods and fixtures, consisting of furniture, hotel furnishings, dining-room equipment and supplies, cooking equipment and utensils, bedroom furnishings and other hotel furnishings, fixtures and equipment.

4. On or about Jan. 15, 1927, the defendant, the Indian Queen Hotel Corporation, bargained for and purchased from the defendant, H. H. Harris, all of the goods and fixtures and the other hotel furnishings and equipment mentioned in paragraph 3 of this bill of complaint, in bulk, for cash.

5. The defendant, the Indian Queen Hotel Corporation, in the bargain and purchase aforesaid, did not comply with the Bulk Sales Act of the General Assembly of the Commonwealth of Pennsylvania, approved May 23, 1919, P. L. 262.

6. The defendant, H. H. Harris, at the time of the aforementioned bargain and purchase, was bona fide indebted to the plaintiff, W. H. Mervine, in the sum of $1500, together with interest from Oct. 17, 1926.

7. The plaintiff, W. H. Mervine, a creditor of the defendant, H. H. Harris, as aforesaid, was not, at least ten days before completion of the said purchase or the payment therefor, either personally or by registered mail, notified of said proposed sale, the price to be paid therefor, nor did he receive a copy of the statement of creditors, as is provided for by said Act of Assembly of May 23, 1919, P. L. 262.

8. No portion of the purchase money of said property was applied to the payment of the bona fide claim of the plaintiff, W. H. Mervine, and the defendant, H. H. Harris, has never paid and is still indebted to the plaintiff, W. H. Mervine, in the sum of $1500, with interest from Oct. 17, 1926.

Plaintiff prayed: First, that the said sale and transfer be set aside and the same be declared fraudulent and void; and, second, that the said Indian Queen Hotel Corporation be held liable to the then creditors; that is to say, to W. H. Mervine and to those other persons who were creditors of the said H. H. Harris at the time of the aforementioned bargain and purchase, as a receiver of the fair value of all the property so bought by the Indian Queen Hotel Corporation, defendant, from the defendant, H. H. Harris.

Defendants filed an answer raising preliminary objections to plaintiff's bill, setting forth, inter alia, that the Bulk Sales Act approved May 23, 1919, P. L. 262, does not apply to the sales set forth in the plaintiff's bill, and that the plaintiff has not, in or by said bill, shown any case entitling him to the relief prayed.

At the hearing and argument of the answer raising preliminary objections to plaintiff's bill, counsel for the defendants stated to the court that plaintiff's claim would be fully paid, and at a later hearing, on Feb. 17, 1927, counsel for the parties announced to the court that said claim had been so paid, and by agreement of the parties the court dismissed the bill, at plaintiff's costs. When the bill was so dismissed, counsel for the defendants requested the court to give an opinion upon the said preliminary objections, and in the order dismissing the bill we wrote that "an opinion may be written later." And, therefore, though the questions at issue have become mooted, yet, as defendants have carried out their agreement to pay plaintiff's claim, and for guidance in similar cases, and to free the defendants and their counsel of any implication of sharp or illegal procedure in the sale of the Indian Queen Hotel, above referred to, we are pleased to give an opinion upon the issues involved.

The controlling issue in this case is whether this sale comes within the provisions of the Bulk Sales Act of May 23, 1919, P. L. 262.

This act is highly penal and so opposed to the common law and common practice that its terms should be strictly construed.

The decisions under the Bulk Sales Act of 1905 will, we think, apply to the sale of a hotel and fixtures made since the Act of 1919.

"Stock. In mercantile law. The capital of a merchant, tradesman or other person, including his merchandise, money and credits. The goods and wares he has for sale and traffic:" Bouvier's Law Dictionary, page 318.

We think the word "fixtures" mentioned in the Act of 1919 are those fixtures used by a merchant in his ordinary business in selling goods and merchandise and not the fixtures of a hotel.

In the case of Wilson v. Edwards, 32 Pa. Superior Ct. 295, President Judge Rice, delivering the opinion of the court, in construing certain phases of said act of assembly, uses the following language: "The act speaks of a stock of merchandise and fixtures and of a sale of them otherwise than in the ordinary course of trade and in the regular and usual prosecution of the seller's business. When read together with the context, these clauses imply, we think, not simply that, but that at the time of the sale they still bore the character of a stock of merchandise; that is, goods and merchandise employed in trade, which in the ordinary course of trade and in the regular and usual prosecution of the seller's business would be sold or bartered otherwise than by a sale in bulk."

In the case of Cressman's Sons v. Haas et al., 26 Dist. R. 812, Judge Newcomb decided that the stock and fixtures of a restaurant are not merchandise within the meaning of the Act of 1905. It has been held that the vehicles, harness and other equipment used in such business do not constitute a stock of merchandise within the meaning of the statute: Miller v. Lincoln, 63 Pitts. L. J. 700, and 25 Dist. R. 549.

The precise question was raised in the case of Kemp and Davis v. Corbin & Co., 22 Dist. R. 215. Judge Galbreath, in a well-considered opinion, decided that the Act of 1905 applied to goods bought by a merchant for the purpose of selling in the conduct of his business, and not to the furniture of various kinds ordinarily used in the conduct of a public house or licensed hotel. "They did not constitute a stock of goods which he traded in in the conduct of his business, although necessarily incident thereto. The same thing might be said of the farmer who, in the conduct of his farm, is the owner of horses, cattle, sheep and such machinery as is necessary in the carrying on of his business. The same thing is true of the tools used by a mechanic, but we think that neither in the case of the farmer nor of the mechanic would the stock and machinery of the one, or the implements of his trade in the case of the other, be considered a stock of merchandise or fixtures within the meaning of the last act of assembly. To hold that the furniture of various kinds ordinarily used in the conduct of a public house constitutes a stock of merchandise which may not be sold in bulk would be, we think, to open up the possibility of an extension of the meaning of the act of assembly far beyond anything that was contemplated by the law-making body. The things levied upon were not kept for sale and did not constitute the subject-matter in which the vendor was dealing. To hold that their sale in bulk was fraudulent in law without the notice required by said act of assembly would also mean that the person making the sale thereby also subjected himself to the severe penalties of the law."

In Northrop v. Finn Construction Co., 260 Pa. 15, on page 19, Justice Walling says: "The Act of March 28, 1905, P. L. 62, making voidable certain sales of merchandise and fixtures in bulk, is not applicable to this case, as the property of Mr. Finn transferred to the corporation, consisting of horses, carts, hoisting machines, etc., such as constitute a builder's equipment, were neither merchandise nor fixtures within the meaning of the act: Wilson v. Edwards, 32 Pa. Superior Ct. 295, 302."

356

To like intent, see Bechman *v.* Hershey Creamery Co., 30 Dauphin Co. Repr. 371. In this case, Judge Wickersham cites with approval certain of the cases above referred to, and decides that the provisions of the Bulk Sales Act of 1919 do not apply.

In conclusion, we state, and so decide, that the Bulk Sales Act of 1919 did not apply to the sale of the Indian Queen Hotel and fixtures, as set forth in plaintiff's bill. Further discussion is unnecessary. The bill is dismissed, at plaintiff's costs.

From C. C. Shull, Stroudsburg, Pa.