Brockway Machine Bottle Company, Appellant, *v.* Monaca Glass Company et al.

Argued April 17, 1935.

Before KELLER, P. J., CUNNINGHAM,

348

BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Thompson Bradshaw,* of *May & Bradshaw,* for appellant.

*Leonard L. Ewing,* with him *Harold F. Reed,* of *Reed & Ewing,* for appellee.

OPINION BY KELLER, P. J., July 18, 1935:

This was a sheriff's interpleader issue. The court below directed a verdict in favor of the defendant, the plaintiff in the execution. The judgment must be reversed.

The following facts are not in dispute. Monaca Glass Company (hereinafter called Monaca Company) was in financial difficulties. A committee of its creditors had been appointed to protect their interests. Brockway Machine Bottle Company (hereinafter called Brockway Company) was a large creditor of Monaca Company. It offered to buy the assets of Monaca Company,—including the goods in question in this issue— at a price that would pay all preferred creditors in full, and 50% of general creditors, provided the plan was approved by 95% of the total of all claims. The

stockholders and directors of Monaca Company duly accepted the offer subject to the condition imposed by the offeror. The proposition was submitted to the creditors and approved by all of them except Buffalo Forge Company (hereinafter called Buffalo Company). The plan was thereupon declared effective and all of the assets of Monaca Company were duly conveyed to Brockway Company, which in turn paid, pursuant to the provisions of said offer, to the creditors' committee aforesaid sufficient money to pay the preferred creditors of Monaca Company in full and 50% of all general creditors, including Buffalo Company. The leasehold, plant and establishment and assets of Monaca Company were thereupon assigned and delivered to Brockway Company and have since been in the possession of and operated by Brockway Company.

Buffalo Company was unwilling to accept the offer made by Brockway Company. It sued Monaca Company, got a judgment and levied on part of the property which had been included in the sale to Brockway Company and had been delivered to the latter pursuant thereto. Brockway Company claimed the goods by virtue of said sale and delivery, and the sheriff's interpleader resulted.

There was no averment or proof of any fraud in the transaction between Monaca Company and Brockway Company, or that the latter had not paid a full, fair and reasonable price for the assets conveyed to it.

In the absence of fraud there was nothing to prevent Monaca Company, acting by its stockholders and directors, from selling and delivering its assets and property to Brockway Company or any other vendee. The Bulk Sales Act of May 23, 1919, P. L. 262, does not apply to the sale of a manufacturing establishment: Gitt v. Hoke, 301 Pa. 31, 151 A. 585. The transaction could be set aside by bankruptcy proceedings, if the vendor was insolvent, but in no other way. Any creditor

could attack the good faith of the transaction, and if he could prove fraud, could levy on the goods as the property of the vendor and sell them for his debt, but in the absence of fraud the sale was good. As no fraud was charged or shown in this case, the execution creditor could not levy upon and sell Brockway Company's goods to pay Monaca Company's debt. It was not obliged to accept the proposed offer. It could refuse the 50% set aside for it and retain its claim against Monaca Company for the full amount and collect its judgment if it found sufficient property belonging to Monaca Company which had not passed to Brockway Company; but it could not seize in execution property which had been conveyed to Brockway Company prior to the execution, in good faith and for a sufficient valuable consideration. Under the undisputed evidence, when the levy was made the goods seized in execution were the property of Brockway Company, not of Monaca Company.

It is, however, suggested that under the offer of Brockway Company it was implied that it would pay in full all creditors of Monaca Company who did not assent to the plan; that the condition imposed, viz., that the plan would not be effective unless 95% of the creditors accepted it, implied an agreement by Brockway Company, on declaring the plan effective, following its acceptance by 95% of the creditors, to pay, in full, such of the creditors as did not accept it. We need not discuss the suggestion at length, or pass on the correctness of the legal proposition; for it cannot be considered in this issue. If the offer of Brockway Company implied a contract to pay such of the creditors of Monaca Company as did not agree to accept 50% of their claims, the method to enforce such a contract was by action in assumpsit against Brockway Company on its implied contract in favor of non-accepting creditors: Mitchell v. Liberty Clay Products Co.,

291 Pa. 282, 139 A. 853; Sargent v. Johns, 206 Pa. 386, 55 A. 1051; Cox v. Phila. Pottery Co., 214 Pa. 373, 63 A. 749; Kenyon Co. v. Sutton, 50 Pa. Superior Ct. 445; Restatement of the Law of Contracts, secs. 133, 136, 139, 141; not by levying on the property of Brockway Company to satisfy a judgment against Monaca Company. The only question at issue in this sheriff's interpleader was, Were the goods, when levied upon by the sheriff, the property of Brockway Company or of Monaca Company? As the evidence conclusively established that title and possession had passed in good faith to Brockway Company before the execution issued, the plaintiff in the interpleader was entitled to binding instructions.

The assignments of error are sustained and judgment is entered for the plaintiff in the issue, Brockway Machine Bottle Company, now Brockway Glass Company, and against the defendant in the issue, Buffalo Forge Company, non obstante veredicto.