## Lazofson v. Steiner et al.

*H. A. Rutenberg* and *S. Marx*, for plaintiff.

*B. R. Cohen*, for defendants.

FLOOD, J., August 14, 1948.—Plaintiff avers that defendant Steiner is indebted to him in the sum of $650, and while so indebted sold and delivered his entire stock of merchandise and fixtures to defendant Lucas without complying with the Bulk Sales Act of May 23, 1919, P. L. 262, and seeks the relief to which he is entitled under that act.

Defendant Steiner, in his answer, denies the debt because of misrepresentations made by plaintiff, avers that the sale is not subject to the act and that he furnished a sworn statement that he had no creditors and an inventory at the time of the sale to Lucas.

Defendant Lucas, in his answer, avers that he is informed that Steiner is not indebted to plaintiff and that the sale was not subject to the act, and also that plaintiff received 30 days' verbal notice of the sale from both defendants.

The issues are:

1. Was defendant Steiner indebted to plaintiff at the time of the sale?

2. Is the sale subject to the Bulk Sales Act of May 23, 1919, P. L. 262?

3. Was the act complied with by defendants?

### Findings of Fact

1. On December 5, 1946, defendant Steiner was indebted to plaintiff in the sum of $650.

2. On said date, defendant Steiner sold and delivered all of the merchandise and fixtures in premises 1606 Fairmount Avenue, a restaurant and taproom operated by him, to defendant Lucas.

3. Plaintiff knew of said sale at the time, and demanded payment of the amount due him of defendants, but they refused to pay him.

### Discussion

Defendant Steiner, on December 5, 1946, sold the merchandise and fixtures in the restaurant and taproom operated by him to defendant Lucas. At that time Steiner was indebted to plaintiff in the sum of $650, upon a promissory note. Steiner avers a defense to the debt upon the ground of misrepresentations in connection with the transaction for which the note was given. But he gave no evidence to prove such misrepresentations. In addition, successive renewals of the note after Steiner had an opportunity to know of the misrepresentations would destroy his right to avoid the obligation; see Peoples Pittsburgh Trust Co. v. Comm., 359 Pa. 622 (1948).

Section 3 of the Bulk Sales Act of May 23, 1919, P. L. 262, 69 PS §523, provides that any sale in bulk of goods and fixtures shall be fraudulent and void at the suit of any creditor whose claim is not paid out of the purchase money or otherwise provided for.

Defendants seek to avoid the operation of this act on the ground that it does not apply to restaurants, citing Cressman's Sons v. Haas et al., 26 Dist. R. 812 (1917); Kemp v. Corbin, 22 Dist. R. 215 (1912), and Gitt v. Hoke, 301 Pa. 31 (1930). The Kemp case and the dictum in the Gitt case have to do chiefly with the sales of the fixtures of a hotel, a different situation.

While the Cressman case, decided by the Court of Common Pleas of Lackawanna County, does hold that the act does not apply to restaurants, yet we are much more impressed by the reasoning of Judge Martin, of the Court of Common Pleas No. 5 of Philadelphia County, in Martindale et al. v. Knight et al., 25 Dist. R. 469 (1916), which holds that the act does apply to the sales of the goods and fixtures used in a restaurant. We agree with that opinion that the sale in such case is covered by the language of the act.

### Conclusions of Law

1. Defendant Steiner is indebted to plaintiff in the sum of $650, with interest from November 12, 1946.

2. Said defendant, while so indebted, on December 5, 1946, sold the goods and fixtures of the restaurant and taproom operated by him at 1606 Fairmount Avenue, Philadelphia, Pa., to defendant Lucas.

3. Said sale was subject to the provisions of the Bulk Sales Act of May 23, 1919, P. L. 262.

4. The terms of said act were not complied with by defendants.

5. Plaintiff is entitled to recover said sum of $650

and interest, from defendant Steiner, and to the extent of the value of the property conveyed, from defendant Lucas.

### Decree Nisi

It is ordered and decreed:

1. That defendants forthwith pay to plaintiff the sum of $650, with interest from November 12, 1946.

2. That defendant Lucas is hereby declared to hold all of the property delivered to him on December 5, 1946, by defendant Steiner, and the proceeds thereof, in trust to pay to plaintiff therefrom forthwith the said sum of $650, with interest from November 12, 1946.