Smith *v.* Munizza, Appellant.

Submitted October 2, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Erwin Lodge,* and *Rubinsohn, Lodge, Shechtman &
Zahn,* for appellant.

`Rames J. Bucci,* and *Bucci & Bucci,* for appellee.

OPINION BY RENO, J., November 15, 1951:

In this equity suit to enforce the Bulk Sales Act of
May 23, 1919, P. L. 262, 69 P.S. §521, et seq., the chan-
cellor found that defendant Munizza owed a balance
of $1100 on a $1500 judgment note to plaintiff Smith,
and that, without notifying Smith in accordance with
the Act, Munizza sold his beer distributing business
consisting of "the beer on hand, *a list of customers,* the
office furniture, and a truck" to defendant Grasso, ap-
pellant. He decreed that "Grasso *pay* to plaintiff the
sum of $1100 which amount is the amount due on the
judgment note held by plaintiff." (Emphasis added.)
Grasso's exceptions were dismissed by the court en
banc, and he appealed.

The Bulk Sales Act, supra, §3, 69 P.S. §523, re-
quires the purchaser of "any stock of . . . *goods, wares,
or merchandise* of any kind and *fixtures,* in bulk" to
notify the vendor's creditors of the proposed sale 10
days before its final consummation. Without such notice
the "sale or transfer shall be fraudulent and void, and
such purchaser, . . . shall, at the suit of any creditor,
be held liable to the creditors of the said vendor *as a
receiver for the fair value* of all the property so bought
or sold by him." (Emphasis added.) The provisions
of the Act condemn the broad sweep of the decree.

In the first place, the Act relates only to the sale
of goods, wares and merchandise, that is, to tangible
property, to mercantile goods and supplies, to goods or
things which are kept for sale and which are constant-
ly sold and replaced by other merchandise. 24 Am. Jur.,
Fraudulent Conveyances, §256. Good will is intangible
property. 24 Am. Jur., Good Will, §§4, 12. Thus, "the

beer on hand" is covered by the Act, but the "list of customers", which the court en banc held "represented the good will" of the business, is excluded. The list of customers must be excluded from the computation of fair value.

Second, the fair value of the beer, and the office furniture and the truck, regarded as fixtures, must be shown by competent evidence. The chancellor recognized that Grasso was "liable for the value of the goods received in accordance with section three of the Bulk Sales Act, 69 P.S. [§]523", but declined to find that value because Grasso "has destroyed all of his records after the institution of this suit, [and] we hold him liable for the amount of the note which remains unpaid."

Notwithstanding the destruction of the records, plaintiff should have produced evidence upon which the chancellor could have found the value of the transferred property. There is some evidence relating to the value of the fixtures. The uncontradicted evidence is that Munizza bought the truck for $275 and sold it to Grasso for $200. It was testified that the desk "was more like kindling wood." Howbeit, only the fair value of the beer, furniture, and fixtures is chargeable to Grasso. The question was not raised here or below, and we do not decide whether the truck, which we understand was used for delivering beer, is a "fixture", within the meaning of the Act.

Third, the Act does not authorize imposition of personal liability upon Grasso for Munizza's judgment note. *Miller v. Myers,* 300 Pa. 192, 150 A. 588. Grasso can "be held liable" *only* "as a receiver for the fair value" of the tangible property bought by him.

The evidence concerning Grasso's purchase of articles other than the truck was not too clear, but we agree with the learned chancellor that the defendants' testimony was incredible, that the destruction of rec-

ords had sinister implications, and that other persuasive testimony and the attendant circumstances sufficiently support the finding that Grasso bought Munizza's business.

The decree is reversed and the record is remitted to the court below for the limited purpose of entering a decree against Grasso as a receiver for the fair value of the tangible property bought from Munizza. Additional testimony as to values may be taken. Costs to abide the result.