## Brooks v. Lambert

*Jack Brian,* for plaintiffs.

*Charles F. Mayer* and *George H. Class,* for defendants.

DIGGINS, J., March 1, 1957.—This is an action in equity wherein plaintiffs are judgment creditors against Louis Lambert and have two judgments against John S. Mecleary Republican Club as well.

At the instance of the Girard Trust Corn Exchange Bank, a judgment creditor of Delaware County Athletic Association, the Sheriff of Delaware County

levied on certain goods which had formerly been the property of the John S. Mecleary Republican Club located at 7055 Garrett Road, Upper Darby, and on September 25, 1956, sold the same to the Girard Trust Corn Exchange Bank.

The complaint in equity prays that the sheriff's sale heretofore had be set aside and that the sheriff retain custody of the goods pending proper disposition of the assets, and further, that the Sheriff of Delaware County and the Girard Trust Corn Exchange Bank be enjoined from delivering or disposing of said goods, and further praying that a certain sale from Louis Lambert to Delaware County Athletic Association and the John S. Mecleary Republican Club be set aside, and raising the question of failure on the part of plaintiff to file bond in accordance with Pa. R. C. P. 1531 (*b*) and challenging the jurisdiction of the court by asserting a full, complete and adequate remedy at law.

To this complaint in equity, defendants, Isadore Gus Weinberg and the Girard Trust Corn Exchange Bank, filed separate preliminary objections in the nature of a demurrer, motion to strike and jurisdictional objections, wherein they have raised the issues now before us. Two of these objections, the first having to do with the failure of plaintiff to file a bond with security approved by the court, and the second having to do with jurisdiction, alleging a full, complete and adequate remedy at law, need not be dwelt upon. So far as the filing of a bond is concerned, there is no merit in this objection at this time because under the rule, the bond need not be filed until after hearing, which has not been had in this case, nor is the objection to the jurisdiction on the ground that defendant has a complete and adequate remedy at law now applicable because while that may be true so far as a challenge to the regularity of the sheriff's sale may be asserted at law, this challenge here has now been abandoned by

defendant whose sole challenge now is to the private sale.

The following is a history of the judgments against Louis Lambert, John S. Mecleary Republican Club and the Delaware County Athletic Association:

1) Howard Richard v. Louis Lambert and John S. Mecleary Republican Club, May 24, 1955, March term, 1955, no. 2059;

2) I. S. Elfman v. Louis Lambert and John S. Mecleary Republican Club, November 14, 1955, September term, 1955, no. 733;

3) Girard Trust Corn Exchange Bank v. Delaware County Athletic Association and its officers, May 7, 1956, March term, 1956, no. 1459;

4) Leonard Brooks v. Louis Lambert and Delaware County Athletic Association, September 4, 1956, June term, 1956, no. 2047.

On September 25, 1956, the goods were exposed to public sale by the sheriff on an alias writ of fieri facias personalty. All of the present plaintiffs were represented at the sale and interposed bids. The goods, however, were sold to the Girard Trust Corn Exchange Bank, plaintiff on the writ, for $800.

The record also discloses that on or about August 10, 1956, Louis Lambert entered into a written agreement with Isadore Gus Weinberg, transferring, for a consideration of $1,500, personal property, equipment and fixtures, excluding the club liquor license, of the Delaware County Athletic Association, and these are the same goods which are the subject matter of this action. Why a property claim was not filed at the time of the sheriff's sale is unexplained.

The bill of complaint seeks to set aside the sheriff's sale and the alleged sale by Lambert to Weinberg on the ground that neither complied with the bulk sales provisions of the Uniform Commercial Code of April

6, 1953, P. L. 3. However, plaintiffs now admit that the bulk sales provisions do not affect judicial sales, leaving the question of whether or not the private sale of August 10, 1956, by Lambert to Weinberg should be set aside as having been in violation of the bulk sales provisions. The issue here raises two questions: (1) Do the bulk sales provisions apply to a business conducted by a club holding a license issued by the Pennsylvania Liquor Control Board, and; (2) does the Uniform Commercial Code apply to sale of fixtures and equipment exclusive of stock in trade?

The principal question involved here is the effect of the Uniform Commercial Code of April 6, 1953, P. L. 3, 12A PS §6-102:

"(1) A 'bulk transfer' is any transfer in bulk and not in the ordinary course of the transferor's business of a major part of the materials, supplies, merchandise or other inventory. . . .

"(2) A transfer of a substantial part of the equipment of such an enterprise is a bulk transfer if it is made in connection with a bulk transfer of inventory, but not otherwise."

The question of whether or not the Uniform Commercial Code applies to a business which has a liquor license has been the subject of interpretation by lower courts during the operation of the old Bulk Sales Act of May 23, 1919, P. L. 262, 69 PS §525, of which, for all practical purposes, the pertinent sections of the Uniform Commercial Code are reenacted. These cases hold that even though the liquor inventory is not the subject of any normal sale, the other inventory is, that is to say, a restaurant business with a liquor license or a combination bar and taproom, or a combination restaurant and taproom, is within the contemplation of the act as to all save presumably the liquor itself which under the liquor control board's regulations, can

only be sold to another licensee under its supervision and approval (Lazofson v. Steiner, 66 D. & C. 179; Goodis v. Sawitt, 83 D. & C. 350; Plumer v. Flynn, 86 D. & C. 47; Stein, etc., v. Goldberg, 2 D. & C. 2d 562), and we think this is the proper interpretation of this factor.

This brings us to the second question here involved, that is, whether or not sales of fixtures and equipment are prohibited by the Uniform Commercial Code. Under the original Bulk Sales Act, the question of whether or not fixtures, exclusive of inventory, were subject to the act was not specifically covered. The cases, however, held that where equipment, fixtures and stock in trade were all sold, then the Bulk Sales Act would apply although sales of fixtures and equipment alone were not in violation of the Bulk Sales Act: Smith v. Munizza, 170 Pa. Superior Ct. 122; Gitt v. Hoke, 301 Pa. 31.

However, it is to be noted that in the Uniform Commercial Code, which we are here interpreting, the subject is specifically covered, though it permits sales of separate items of equipment. It provides that a transfer of a substantial part of the equipment of such an enterprise is a bulk transfer if it is made in connection with the bulk transfer of inventory, but not otherwise. Since by its very terms, unchallenged here, this sale included only personal property, equipment and fixtures, without reference to stock in trade, which would seem normal under the circumstances, because the little stock in trade that such a business enterprise as here involved would have would consist of goods unsaleable in bulk, and the terms of the Uniform Commercial Code are in conformity with the reasoning which gave rise to the original bulk sales statutes because, as Mr. Justice Walling said in Gitt v. Hoke, supra:

"The necessity for bulk sales statutes arose from the practice of certain dishonest dealers, in obtaining large credits on the strength of stocks of merchandise, then selling out in bulk without satisfying the creditors. To remedy this evil, Bulk Sales Acts, of which our own is typical, were adopted in many states, and with practical .unanimity the courts have limited their operation to the sale of goods of merchants and other like dealers."

As suggested in the supplemental brief of defendant, Isadore Gus Weinberg, and we take judicial notice of that fact from other proceedings in this court, this particular club was not a going business, the charter thereof having been forfeited, the license having been revoked and the premises padlocked. No active business was being conducted for some time prior to the sale.

It therefore follows that the sale covered by the agreement dated August 10, 1956, between Louis Lambert and Isadore Gus Weinberg was not prohibited by the Uniform Commercial Code and preliminary objections filed by Girard Trust Corn Exchange Bank and Isadore Gus Weinberg must be sustained.

These preliminary objections are in the nature of a demurrer and if we saw any possibility under the circumstances that plaintiff might amend to overcome the objections, we would grant the right to amend, but here it would be manifestly futile to do so and in such circumstances a court of equity should dismiss the action and, therefore, we make the following

### Order

And now, to wit, this March 1, 1957, it is ordered, adjudged and decreed that the preliminary objections to the complaint in equity be and the same are hereby sustained and the complaint in equity brought by

Leonard Brooks, individually and trading as Brooks, and I. S. Elfman and Howard Richard against Louis Lambert and John S. Mecleary Republican Club, and Delaware County Athletic Association, and Isadore Gus Weinberg, and Girard Trust Corn Exchange Bank, be and the same is hereby dismissed.

Exception allowed to plaintiffs.