105 N.J. Super. 511 (1969)
253 A.2d 480
SILCO AUTOMATIC VENDING CO., INC., A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT,
v.
NELLIE HOWELLS AND ROSE & HARRY JAMES, INC., A NEW JERSEY CORPORATION, AND AL'S COZY INN, INC., ALSO KNOWN AS AL'S COZY INN CORP., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 28, 1969.
Decided May 14, 1969.
*512 Before Judges GOLDMANN, KOLOVSKY and CARTON.
Mr. Richard Jon Contant argued the cause for appellant (Messrs. Contant and Contant, attorneys).
Mr. Paul Colvin argued the cause for respondents Nellie Howells and Al's Cozy Inn, Inc. (Mr. Barry L. Gardner, on the brief).
No appearance for respondent Rose & Harry James, Inc.
PER CURIAM.
After a trial in the Chancery Division, the court, for the reasons set forth in its reported opinion, entered judgment in favor of all the defendants. Plaintiff appeals.
Our examination of the evidence in the case satisfies us that the record fully supports the trial court's findings and conclusion that the two space leasing agreements between plaintiff and Al's Cozy Inn, Inc. (Al's Inn), and plaintiff's right thereunder, terminated upon the sale of the latter's tavern business to Rose & Harry James, Inc. (James Inc.). We affirm that conclusion essentially for the reasons stated by Judge Matthews.
*513 That determination is dispositive not only of the claim asserted by plaintiff against Al's Inn but also of its claim against the other defendants and results in an affirmance of the judgment as to all defendants.
We therefore deem it unnecessary to deal with the questions involving the bulk sale provisions of the Uniform Commercial Code (N.J.S. 12A:6-101, et seq.) discussed in the opinion below except to make the following observations.
1. Plaintiff's complaint was that following the sale of the tavern by Al's Inn to James Inc., Al's Inn "failed or refused to provide space for plaintiff's music [and cigarette vending] machine[s] at the location[s] set forth in its agreement[s] with plaintiff, or any other location as a result of which plaintiff has suffered damages." Since the claims thus asserted are based on events occurring after the transfer, plaintiff's status is not that of a "creditor" entitled to the benefits of the bulk sale provisions of the Code. See N.J.S. 12A:6-109(1).
2. The holder of a plenary retail consumption license is not only authorized to sell alcoholic beverages for consumption on the licensed premises but also to sell any alcoholic beverages in original containers for consumption off the premises. N.J.S.A. 33:1-12. Whether or not a sale of a particular tavern business is subject to the bulk sale provisions of the Code will depend on whether its "principal business" is the sale of packaged beverages for off-premises consumption. See N.J.S. 12A:6-102(3):
"The enterprises subject to this Chapter are all those whose principal business is the sale of merchandise from stock, including those who manufacture what they sell."
The judgment is affirmed.