Nathaniel T. Helman, J.
Motions Nos. 76 and 83 of June 16, 1969 are consolidated and disposed of as follows: In this special proceeding, petitioner seeks an order setting aside, as allegedly violative of the bulk sales provisions of the Uniform Commercial Code, a transfer to respondent by petitioner’s judgment debtor, of the equipment, material, supplies, merchandise and inventory of a hotel, restaurant and bar. By cross motion respondent moves for dismissal of the petition.
Petitioner is a corporation engaged in the sale of food and related products to institutional users. It recovered a judgment against the operators of a hotel, restaurant and taproom, and later learned that the judgment debtor had assigned its leasehold to respondent, together with its right, title and interest in and to equipment, supplies and inventory. No notice to creditors having been given, petitioner seeks to set aside the sale as an improper transfer in bulk.
By the provisions of article 6 of the Uniform Commercial Code, enterprises subject to the article are those “ whose prim *777 cipal business is the sale of merchandise from stock, including those who manufacture what they sell.” (§ 6-102, subd. [3].)
The Official Comment to this section states: “2. The businesses covered are defined in subsection (3). Notice that they do not include * * * hotels, restaurants, and the like whose principal business is the sale not of merchandise but of services. ”
The reason usually given for this distinction is that unsecured credit is not commonly extended on the faith of a stock of merchandise.
A line of cases has appeared in the State of Pennsylvania, commencing with Brooks v. Lambert (44 Del. 153; 10 Pa. D. & C. 2d 237) holding that the restaurant business is covered by the Bulk Transfer provision of the Uniform Commercial Code. (Zinni v. One Township Line Corp., 53 Del. 11; 36 Pa. D. & C. 2d 297; Uhr v. 3361, Inc., 21 Pa. D. & C. 2d 348.) These have been criticized by decisions of other States, and by several commentators, and in the State of Pennsylvania itself in the later case of Miskiel v. Hide-Away Hut (12 Bucks Co. L. Rep., 756). In the Texas case of Nichols v. Acers Co. (415 S. W. 2d 683, 689) the court noted the exclusion of restaurants and cafes from the definition section of the statute, and said “ comments of the drafters of the law indicate that restaurants are not covered by the new law, since restaurants fall into the group of businesses selling principally services and not merchandise. ’ ’
In Silco Automatic Vending Co. v. Howells (102 N. J. Super. 243, 248) the court said: “ I cannot conclude that the sale of a business such as that which is the subject matter of this action, i.e., a tavern business, is covered under the bulk transfer provisions of the Uniform Commercial Code.” The court referred to the exclusion of hotels and restaurants in subdivision (3) of the statute, since their “ principal business is the sale not of merchandise hut of services,” (Official Comment 2) as pointed out in Bender’s Uniform Commercial Code (§ 6-102, art. 6, p. 6-12). The transfers contemplated are of ‘ ‘ materials, supplies, merchandise or other inventory, that is, of goods.”
Contrary to petitioner’s contention, the achievement of uniformity in this respect does not require adherence to the Pennsylvania District Court cases. This court agrees with the reasoning in the other cases cited that, as a hotel-restaurant-bar business is not one whose principal business is the sale of merchandise from stock, but rather one engaged in the sale, primarily, of services, the transaction at issue is not encompassed by article 6 as urged. The petition is denied and the cross motion to dismiss granted.