125 N.J. Super. 563 (1973)
312 A.2d 510
FEDERAL INSURANCE COMPANY, PLAINTIFF-RESPONDENT,
v.
PIPECO STEEL CORPORATION, DEFENDANT,
v.
PIPECO STEEL COMPANY, INC., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 7, 1973.
Decided December 7, 1973.
*564 Before Judges HALPERN, MATTHEWS and BISCHOFF.
Messrs. Stryker, Tams & Dill, attorneys for appellant (Mr. Richard V. Jones, of counsel).
Mr. Robert G. Saliba, attorney for respondent.
PER CURIAM.
Defendant appeals from a summary judgment entered in favor of plaintiff in the sum of $3,533.29.
Pipeco Steel Corporation, a New Jersey corporation (hereinafter New Jersey Pipeco) imported three separate shipments of steel from Japan which were subject to import duty. In order to obtain immediate possession of the steel without waiting for a determination by Customs officials as to the amount of duty owed, New Jersey Pipeco furnished three bonds to the United States as principal, with plaintiff as surety.
In October 1969 additional duties were assessed on two lots of the steel. The United States made unsuccessful attempts to collect the duty from New Jersey Pipeco, and after such attempts plaintiff was compelled to pay in February 1970.
In June 1971 an additional assessment was levied on the third shipment, and again plaintiff was compelled to pay the United States the amount thereof.
By agreement dated June 3, 1970 New Jersey Pipeco agreed to sell certain of its assets to Pipeco Steel, Inc., a Delaware corporation (hereinafter Delaware Pipeco). The agreement fell within the provisions of N.J.S.A. 12A:6-101 et seq., dealing with bulk transfers.
Pursuant to the provisions of N.J.S.A. 12A:6-104(1)(a), New Jersey Pipeco prepared and furnished to Delaware Pipeco a list of its creditors. Neither the United States nor plaintiff were on the list of creditors, and accordingly no notice of the bulk transfer was given to them by defendant Delaware Pipeco, as is required by N.J.S.A. *565 12A:6-105. The agreement of June 3 providing for the transfer of assets was consummated on June 30, 1970.
Plaintiff instituted this action against both New Jersey Pipeco and Delaware Pipeco, seeking to recover sums paid by it to the United States. New Jersey Pipeco is in default. Plaintiff contends Delaware Pipeco is personally liable as the transferee of the assets of New Jersey Pipeco in bulk for the debts of New Jersey Pipeco for the reason that the bulk sale was not effective as to plaintiff since neither plaintiff nor the United States received notice of the transfer as is required by the statute.
The trial judge agreed and on cross-motions for summary judgment entered a judgment for plaintiff and against Delaware Pipeco for the sums paid by plaintiff.
The statute places responsibility for the preparation of the list of creditors squarely on the transferor. N.J.S.A. 12A:6-104(3):
Responsibility for the completeness and accuracy of the list of creditors rests on the transferor, and the transfer is not rendered ineffective by errors or omissions therein unless the transferee is shown to have had knowledge.
There is nothing in the record to suggest that Delaware Pipeco had knowledge of the claim of the United States or the plaintiff, and plaintiff does not argue or suggest that it had knowledge.
Plaintiff argues that since New Jersey Pipeco was partly engaged in importing, Delaware Pipeco had constructive knowledge that some import duty might be due to the United States and should have inquired into that situation. We disagree. The statute does not render a transfer ineffective unless the transferee is shown to have had knowledge that the list of creditors was incomplete. This statutory language does not embrace the concept of constructive notice or constructive knowledge. Actual knowledge is required.
The word "knowledge" as it is used in the Commercial Code (of which the Bulk Transfer Law is a part, N.J. *566 S.A. 12A:6-101) is defined as follows, "A person `knows' or has `knowledge' of a fact when he has actual knowledge of it * * *." N.J.S.A. 12A:1-201(25); 6C Bender's Uniform Commercial Code Service, § 6-102, comment at 2-1280 (1973); cf. Silco Automatic Vending Co. v. Howells, 102 N.J. Super. 243 (Ch. Div. 1968), aff'd 105 N.J. Super. 511 (App. Div. 1969).
Since Delaware Pipeco did not have knowledge of plaintiff's claim, there is no basis upon which liability can be imposed upon it.
The judgment entered in favor of plaintiff and against defendant Delaware Pipeco is reversed and the matter remanded to the trial court with directions to enter a judgment in favor of Delaware Pipeco on its cross-motion for summary judgment.