## Atlas Merchandising Co., Inc. v. Johnny's California Market, Inc.

Before DiSalle, Gladden and Bell, *JJ*.

*Clark A. Mitchell,* for plaintiff.

*Richard G. Kotarba* and *Robert Mauro,* for defendant.

DiSALLE, *J.,* September 23, 1977—This matter arises on preliminary objections filed by defendant, John Brodak, to plaintiff's complaint in assumpsit. It appears that defendant, Johnny's California Market, Inc. (hereinafter referred to as "Market"), had entered into an agreement to sell to defendant, John Brodak, all of its business and inventory. At the time of the transfer, plaintiff was a creditor of the Market and notice of the impending sale was given to plaintiff pursuant to the bulk transfer provisions of the Uniform Commercial Code—Bulk Transfers Act of October 2, 1959, P.L. 1023, sec. 6, 12A P.S. §6-101 et seq. The complaint alleges that although the sale between the Market and defendant Brodak has been completed, defendant Brodak has failed to pay to it the amount due plaintiff by the Market.

The preliminary objections are in the nature of a demurrer and a motion to strike. By the demurrer, defendant Brodak argues that in the absence of an agreement by Brodak to discharge the debts of the Market, he cannot be held liable. In addition, he argues that the agreement between himself and the Market provided that the transferor would pay all existing debts. He argues that he has complied with the Commercial Code by extracting from his transferor a promise that the transferor would pay all of the debts. This is hardly a compliance with the act.

Section 6-106 of the act, 12A P.S. §6-106, provides, in part, as follows: "Upon every bulk transfer subject to this Article for which new consideration

becomes payable except those made by sale at auction it is the duty of the transferee to assure that such consideration is applied so far as necessary to pay those debts of the transferor which are either shown on the list furnished by the transferor (Section 6-104) or filed in writing in the place stated in the notice (Section 6-107) within thirty days after mailing of such notice. This duty of the transferee runs to all the holders of such debts, and may be enforced by any of them for the benefit of all." Brodak's argument that in extracting a promise from his transferor to pay all existing debts, he complied with the act, has no merit. It will be noted that the comment to section 6-106 expressly states that the purpose of the section is to give the transferor's creditors direct protection against improper dissipation by the transferor of the consideration received for the transfer. The comment goes on to suggest the methods by which the buyer may perform this duty, e.g., by holding the consideration in his own hands until the debts are ascertained and paid, or by depositing it in an account subject to withdrawal only by his countersignature, or by depositing it in escrow with an independent agency. If we were to hold that the procedure used here constituted compliance with the act, then every purchaser of a business could escape responsibility by inserting a provision in the sales agreement to the effect that the seller would pay all existing debts. This is exactly what the bulk transfer provisions of the code were designed to prevent.

Defendant Brodak also argues that this action should have been brought in equity and not in assumpsit, citing Waverly Oil Works v. Farbacher, 76 Pitts. L.J. 63 (1927). Although equity may be the

appropriate forum where a large number of creditors are involved, we do not believe that it should be the only remedy, especially under the circumstances of this case, where there has been no suggestion that other creditors remain unpaid. See Brockway Machine Bottle Company v. Monaca Glass Co., 118 Pa. Superior Ct. 347, 179 Atl. 818 (1935), and Wolfe v. Millers Garage, Inc., 89 D. & C. 199 (1954).

Accordingly, we make the following

## ORDER

And now, September 23, 1977, the preliminary objections filed by defendant, John Brodak, are dismissed, and he shall have 20 days from the date hereof to file an answer to the complaint.