BUCKLEY'S, INC v TELL-MALL, INC

Docket No. 78-4966. Submitted August 28, 1979, at Detroit.—Decided November 7, 1979.

Tell-Mall, Inc., which operated a restaurant, sold the assets of the business to Madi's Red Barn West, Inc. The bulk transfer provisions of the Michigan Uniform Commercial Code were not complied with in that sale. Approximately seven months later, Buckley's, Inc., obtained a judgment against Tell-Mall on a previous debt. Buckley's served a writ of garnishment on Madi's Red Barn West and at a subsequent hearing the 50th District Court found Madi's Red Barn West to be liable to Buckley's in the amount of the judgment because the bulk transfer provisions of the Uniform Commercial Code were not complied with. Madi's Red Barn West appealed to the Oakland Circuit Court, which affirmed, James S. Thorburn, J. Madi's appeals by leave granted. *Held:*

The bulk sales provisions of the Uniform Commercial Code do not apply to the sale of a restaurant; therefore, the assets in the hands of Madi's Red Barn West are not subject to garnishment for failure to comply with the bulk sales provisions.

Reversed.

SALES — UNIFORM COMMERCIAL CODE — SALE OF RESTAURANTS.

The sale of a restaurant is not subject to the bulk sales provisions of the Uniform Commercial Code (MCL 440.6102; MSA 19.6102).

*Kahn, Kollin & Mandel,* for plaintiff.

*Bassey, Selesko, Couzens & Murphy, P.C.* (by *Joseph Falcone),* for Madi's Red Barn West, Inc.

REFERENCES FOR POINTS IN HEADNOTES

[1] 37 Am Jur 2d, Fraudulent Conveyances § 256.

Bulk transfers: construction and effect of UCC Article 6, dealing with transfers in bulk. 47 ALR3d 1114.

Before: J. H. GILLIS, P.J., and R. B. BURNS and
N. J. KAUFMAN, JJ.

PER CURIAM. By an order of May 31, 1978, Judge
Christopher C. Brown of the 50th Judicial District
held that assets purchased by garnishee defendant
from the principal defendant were subject to levy
and execution to satisfy plaintiff's judgment
against the principal defendant. The reason as-
signed was failure to comply with the bulk trans-
fer provisions of the UCC. The amount of liability
was set at $1,816.86.

On August 28, 1978, the district court order was
affirmed by Judge James S. Thorburn of the Oak-
land County Circuit. Garnishee defendant was
granted leave to appeal on February 23, 1979.

The parties are in agreement as to the facts
here. The only question before us is whether the
sale of a restaurant is subject to the bulk transfer
provisions of the Michigan Uniform Commercial
Code.

This issue was addressed by the drafter of the
code in Official Comment 2 to 6-102 as follows:

"2. The businesses covered are defined in subsection
(3). Notice that they do not include farming nor con-
tracting nor professional services, nor such things as
cleaning shops, barber shops, pool halls, hotels, restau-
rants, and the like whose principal business is the sale
not of merchandise but of services. While some bulk
sales risk exists in the excluded businesses, they have
in common the fact that unsecured credit is not com-
monly extended on the faith of a stock of merchandise."

In accord with this is the great majority of
decisions from other jurisdictions. *Levy v Paul*, 207
Va 100; 147 SE2d 722; 3 UCC Rep 412 (1966),
*Nichols v Acers Co*, 415 SW2d 683; 4 UCC Rep 591
(Tex Civ App, 1967), *Silco Automatic Vending Co*,

*Inc v Howells,* 102 NJ Super 243; 245 A2d 765; 5 UCC Rep 625 (Ch Div 1968), *affirmed* 105 NJ Super 511; 253 A2d 480; 6 UCC Rep 531 (1969), *Kane-Miller Corp v Tip Tree Corp,* 303 NYS2d 273; 6 UCC Rep 721 (1969), *De La Rosa v Tropical Sandwiches, Inc,* 298 So 2d 471; 15 UCC Rep 595 (Fla App, 1974), *Uarco, Inc v Peoples Bank & Trust Co of St Bernard,* 414 F Supp 1219 (ED La, 1976).

Finally, *Michigan Packing Co v Messaris,* 257 Mich 422; 241 NW 236 (1932), the case relied upon by the plaintiff-appellee and, presumably, by the lower courts, is inapposite. That case construed 1929 bulk sales and bulk mortgage laws which covered "stock of merchandise or merchandise and fixtures". The sale of the restaurant fixtures in *Michigan Packing Co* was found to fit the laws which at that time included "fixtures". However, the UCC, adopted after the *Michigan Packing Co* case, does not include fixtures, but only "materials, supplies, merchandise, or other inventory * * *". MCL 440.6102(1); MSA 19.6102(1).

Reversed.