KENTUCKY CLUB, INC., Miles A. Hernly, Individually; and Hernly Brothers Co., Movants,

v.

FIFTH THIRD BANK and Jack Graham, Respondents.

Supreme Court of Kentucky.

Nov. 20, 1979.

John E. Lang, III, Burke, Lange & Moebus, Newport, John R. Elfers, Covington, for movants.

Hal Nance Bogard, Charles R. Keeton, Brown, Todd & Heyburn, Louisville, for amicus curiae, Kentucky Restaurant Association.

William I. Bubenzer, Covington, for respondents.

CLAYTON, Justice.

This case concerns the question of whether the provisions of the Uniform Commercial Code relating to bulk transfers (KRS 355.6–101 et seq.) apply to the sale of the assets of a restaurant-bar business.

The movants, Hernly (the sole shareholder of Kentucky Club, Inc.) and Hernly Brothers Co. (the sole secured creditor of Kentucky Club, Inc.), sold the Club to movant Williams. The respondents, who had previously obtained a judgment against the Kentucky Club, Inc. for payment of an unsecured loan, attempted to collect that judgment from the named movants claiming that because the provisions of Article VI of the Uniform Commercial Code relating to bulk transfers had not been complied with, movants were obligated to satisfy the judgment. The Kenton Circuit Court dismissed the action stating that it was barred by the six-month statute of limitations as set out in KRS 355.6–111. The Court of Appeals reversed the lower court's decision holding, inter alia, that a provision in the purchase agreement between the Hernlys and Williams which provided that "the laws relating to Bulk Sales do not apply to this transaction" was an "active concealment of transfers from creditors" and, as a result, the statute of limitations began to run when the transfer was discovered by the creditor-respondents, making their suit timely.

We do not consider it necessary to delve into the intricacies of determining whether there was an act of concealment by movants, thus tolling the statute of limitations, since we hold that both the Kenton Circuit Court and the Court of Appeals were incorrect in concluding that the sale of this restaurant business was covered by the Uni-

form Commercial Code bulk transfer provisions. This position is consistent with the intent of the drafters[1] and with established law in other jurisdictions.[2] Since Article VI of the Uniform Commercial Code is intended to protect those creditors who extend credit to individual debtors based on the debtor's business inventory, it is unnecessary to apply those provisions to the sale of the Kentucky Club, Inc., absent a showing that the package store was the "principal business" of the enterprise.[3]

The decision of the Court of Appeals is reversed, and the judgment of the Kenton Circuit Court is affirmed.

All concur.

1. Comment 2 to Uniform Commercial Code § 6–102 states: "The businesses covered are defined in subsection (3). Notice that they· do not include . . . restaurants, and the like whose principal business is the sale not of merchandise but of services."

2. *See, Silco Automatic Vending Co., Inc. v. Howells,* 102 N.J.Super. 243, 245 A.2d 765 (1968); *Kane-Miller Corp. v. Tip Tree Corp.,* 60 Misc.2d 776, 303 N.Y.S.2d 273 (1969); *Nichols v. Acers Co.,* Tex.Ct.App., 415 S.W.2d 683 (1967).

3. KRS 355.6–102(3) (1972) reads, in part: "The enterprises subject to this article are all those whose principal business is the sale of merchandise from stock . . . .."